| UNITED STATE BANKRUPTCY COURT | Hearing Date: April 24, 2019 |
| SOUTHERN DISTRICT OF NEW YORK | Hearing Time: 10:00 am |

---------------------------------------------------------X

In re

KATHLEEN CHRISTOPHERSEN         Case No. 19-22542
                                                         Chapter 13

                            Debtor.

---------------------------------------------------------X

## **MOTION TO REIMPOSE THE AUTOMATIC STAY**

**PLEASE TAKE NOTICE** that upon the annexed application of KATHLEEN CHRISTOPHERSEN ("the Debtor") by and through her attorney, Robert S. Lewis, Esq. through an affirmation in support of application by Robert S. Lewis, Esq., and all proceedings had hereto a motion shall be made by the debtor herein on the 24th day of April, 2019 at 10:00 a.m. or as soon thereafter as counsel can be heard, at the Courthouse located at 300 Quarropas Street White Plains, New York, for an order to Reimpose the Automatic Stay pursuant to 11 U.S.C. § 362(c)(3)(A)., allowing the debtor to enter into Loss Mitigation.

**PLEASE TAKE FURTHER NOTICE,** that objections, if any, to the relief requested in the Motion shall be in writing, filed with the Court on its website at http://www.nysb.uscourts.gov (with a copy delivered directly to Chambers) and served upon the undersigned no later than three (3) days prior to the hearing.

Dated: March 26, 2019
        Nyack, New York

                                                    _/s/ Robert S. Lewis, Esq._
                                                      ROBERT S. LEWIS, ESQ.
                                        Law Offices of Robert S. Lewis, PC
                                                       *Attorney for Debtor(s)*
                                                           53 Burd Street
                                                        Nyack, New York 10960
                                                          (845) 358-7100

UNITED STATE BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
In re


KATHLEEN CHRISTOPHERSEN          Case No. 19-22542
                                                           Chapter 13


                         Debtor.
---------------------------------------------------------X

## **AFFIRMATION IN SUPPORT OF MOTION TO REIMPOSE AUTOMATIC STAY**

ROBERT S. LEWIS, ESQ., an attorney duly licensed to practice law in the Courts of the State of New York and in the United States District Court for the Southern, being mindful of the penalties of perjury, affirms and states as follows:

1.      I am the attorney for the debtor herein, KATHLEEN CHRISTOPHERSEN, and as such I am fully familiar with the facts and circumstances of this matter through conversations with my clients and a review of books and records in my possession.

2.      I make this affirmation in support of the Motion to Reimpose the Automatic Stay with respect to certain real property owned by the debtor located at 4 Route 59 Nyack, New York 10960 (the "premises").

3.      On February 27, 2019 in an expedited manner the debtor filed for voluntary relief under Chapter 13 of title 11 of the United States Bankruptcy Code. This petition was filed in order to avoid a scheduled sale date.

4.      It should be noted that this debtor filed a prior bankruptcy to this filing on January 6, 2016, which was discharged on August 22, 2016 with assigned Case Number 16-22015.

5. Debtor filed a subsequent Chapter 13 Petition on August 22, 2016, which was dismissed on August 10, 2017 due to the debtor's inability to confirm a plan.

6. The Debtor later filed another Chapter 13 Petition on October 10, 2017, which was dismissed on December 27, 2018 due to the debtor's failure to provide required documentation.

7. The sole purpose of this bankruptcy filing is to allow the debtor to re-apply for a loan modification with additional income.

8. The debtor was initially denied for a Loan Modification due to insufficient income.

9. Debtor is refilling in good faith only to mediate a payment plan with Trustco Bank, N.A

10. The debtor did not have any prior cases dismissed in the past year for any of the following reasons;

    a. Failure to file or amend other required documents without substantial excuse.

    b. Failure to provide adequate protection as ordered by the court.

    c. Failure to perform the terms of the plan confirmed by the court.

11. There has been a substantial change in the financial affairs of the debtor since the dismissal of the last case, and the debtor believes that this case will result in a Loan Modification of the debtor's property and confirmation of the Chapter 13 plan, that will be fully performed.

12. The sole purpose of this bankruptcy filing is to allow the Debtor to enter into Loss Mitigation and apply for a loan modification.

13. The Debtor has had no other pending bankruptcy cases in the preceding one-year period as all previously filed matters have been dismissed.

14. We seek to Reimpose the Automatic Stay to enter into a Loss Mitigation Proceeding.

**WHEREFORE**, the debtor prays for an Order granting this Motion to Reimpose the Automatic Stay, together with such other relief that may be just and proper

Dated: March 26, 2019
      Nyack, New York

          /s/Robert S. Lewis, Esq.
ROBERT S. LEWIS, ESQ.
  Law Offices of Robert S. Lewis, P.C.
*Attorney for Debtors*
53 Burd St.
Nyack, New York 10960

UNITED STATE BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
In re

KATHLEEN CHRISTOPHERSEN           Case No. 19-22542
                                                         Chapter 13

                         Debtor.
--------------------------------------------------------X

## **ORDER GRANTING THE DEBTORS MOTION TO REIMPOSE THE AUTOMATIC STAY**

Upon the motion dated March 26, 2019 (the "Motion") of the above debtor(s) (the "Debtor(s)"), for an order extending debtors automatic stay through Bankruptcy pursuant to 11 U.S.C. § 362(c)(3)(A)., in order to allow the debtor to apply for Loss Mitigation. It is hereby Order that;

1. The Motion is granted.

2. Automatic Stay shall terminate once the Loss Mitigation Proceeding is terminated.


Dated: White Plains, New York
            _____ __, 2019


                                       _____
                                       UNITED STATES BANKRUPTCY JUDGE